UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH ET AL                                  CIVIL ACTION

VERSUS                                        NO: 07-5489

SHELL CHEMICAL COMPANY ET AL                  SECTION: "J" (5)

**ORDER AND REASONS**

Before the Court is Defendant Wyatt Field Service Company's Renewed **Motion for Dismissal of Tort Claims** Pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for **Summary Judgment** Pursuant to Fed. R. Civ. P. 56 (Rec. Doc. 91) pertaining to case number 07-8635, Defendants Motiva Enterprises, LLC and Shell Chemical LP's **Motion for Summary Judgment** Pursuant to Federal Rule of Civ. Pro. 56 (Rec. Doc. 99) pertaining to all cases, and Defendant Wyatt Field Service Company's **Motion for Summary Judgment** Pursuant to Fed. R. Civ. P. 56 (Rec. Doc. 101) pertaining to cases 07-5489 and 07-8094. Having considered the motions and legal memoranda, the record, and the law, the Court

1

finds that Defendant's **Motions** are **GRANTED**.

## BACKGROUND

Three plaintiffs are involved in this consolidated action regarding an incident on October 2, 2006 at the Motiva Norco Refinery in Norco, Louisiana. Plaintiff James Kyle was an employee of Wyatt Field Services Company ("Wyatt"). Plaintiffs Rafael Joseph and Walter Jeremy Daniels IV were both employees of Atlantic Scaffolding Company ("Atlantic"). Wyatt was hired by Motiva Enterprises, LLC ("Motiva") and Shell Chemical LP ("Shell") to perform turnaround work on one of the refinery's coker units. Atlantic was hired by Wyatt to assist in the turnaround work. The three plaintiffs were injured when a steam valve blew out permitting a release of hot oil and steam in the area where they were working. The release caused direct injuries to the plaintiffs, as well as injuries as they attempted to escape from the release. Plaintiff James Kyle has alleged that he was injured in connection with his job as a pipefitter/fabricator for Wyatt. His wife, Susan Kyle, has also asserted a claim for loss of enjoyment and loss of consortium. Plaintiff Rafael Joseph alleges injuries in connection with his work as a scaffold builder at the work site. Plaintiff Walter Jeremy Daniels IV has similarly asserted claims in connection

with his work at the plant.  All of the plaintiffs have asserted claims against Wyatt, Motiva, and Shell.  These are the only remaining claims in this case.

## LEGAL STANDARDS

**Summary Judgment**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp</u>., 475 U.S. 574, 588 (1986).

## DISCUSSION

**A. The Parties' Arguments**

Wyatt has filed a renewed motion to dismiss or, alternatively, a motion for summary judgment with regard to plaintiffs James Kyle and Susan Kyle.  Wyatt argues that at the date of the accident James Kyle was an employee of Wyatt.  As a result, his exclusive remedy is workers' compensation, pursuant

to Louisiana Revised Statute § 23:1031 et seq. Additionally, Susan Kyle's claims are subject to workers' compensation and neither she nor her husband can maintain a tort action. Wyatt asserts that the only way that workers' compensation is not these plaintiffs' exclusive remedy is if they can prove that their injuries resulted from an intentional act. The plaintiffs have not alleged any intentional act, thus workers' compensation is the exclusive remedy and the tort claims should be dismissed.

Wyatt has also filed a motion for summary judgment with regard to the claims of plaintiffs Rafael Joseph and Walter Jeremy Daniels IV. Wyatt argues that it entered into a contract with Motiva and Shell that required scaffolding. In order to fulfill that contract Wyatt subcontracted with Atlantic to provide the necessary scaffolding. The plaintiffs were injured in the course and scope of their employment erecting scaffolding in connection with Wyatt's contract with Atlantic. Based on these facts, Wyatt argues that the "two contract" statutory employer defense applies to the claims of these plaintiffs. Under Louisiana Revised Statutes §§ 23:1032(A)(2) and 23:1061(A)(2), Wyatt contends that they were a principal who contracted with another (Atlantic) to perform a part of the work that they were contractually obligated to perform pursuant to

their contract with Motiva and Shell.  By operation of these statutes Wyatt asserts that workers' compensation is the exclusive remedy for these plaintiffs and that the plaintiffs' claims against Wyatt should be dismissed.

Motiva and Shell have filed a joint motion for summary judgment with regard to the claims of all three plaintiffs. These defendants contend that they are considered the statutory employer of each of the plaintiffs and thus are only liable for workers' compensation.  The contract between Motiva/Shell and Wyatt specifically makes Wyatt's employees the statutory employees of Motiva.  Wyatt also subcontracted with Atlantic, Rafael Joseph and Walter Jeremy Daniels IV's employer.  The contract between Wyatt and Atlantic incorporates the contract between Motiva/Shell and Wyatt.  The contract between Motiva/Shell and Wyatt provides that Motiva is the statutory employer of any of Wyatt's subcontractors.  Additionally, the contract between Motiva/Shell and Wyatt provides that Wyatt's work and the work of its subcontractors is essential to the Motiva refinery's operation.  As a result of the statutory contractor defense, Motiva and Shell argue that all claims against them should be dismissed.

Plaintiff Walter Jeremy Daniels IV filed an opposition

to all of these motions. The other plaintiffs have adopted the arguments in the Daniels opposition. In regard to Motiva, the plaintiffs argue that they are not entitled to summary judgment. Wyatt's contract is with Shell, not Motiva. Shell and Motiva are separate legal entities, and the extent of the relationship between Shell and Motiva is an issue of material fact. The plaintiffs contend that Motiva was the actual principal, but Motiva did not contract with Wyatt as the principal. As a result, Motiva cannot claim to benefit from the contract between Shell and Wyatt. In regard to Shell, the plaintiffs contend that summary judgment is not proper. The contract between Shell and Wyatt requires Shell to provide written consent to Wyatt hiring any subcontractor, including Atlantic. Without this consent the plaintiffs argue that the contract between Wyatt and Atlantic is invalid as to Shell. Additionally, the plaintiffs assert that the provisions in the contract between Shell and Wyatt contained in paragraphs 25 and 26 are contradictory and thus invalid. The plaintiffs contend that paragraph 25 states that no employee of Wyatt will be considered an employee of Shell, while paragraph 26 states that Shell will be the statutory employer of Wyatt's employees. Finally, in regard to Wyatt, the plaintiffs argue that summary judgment is not appropriate for the claims against

Wyatt. The plaintiffs assert that Wyatt did not have any contract with Motiva, the only contract was with Shell. The plaintiffs further argue that Wyatt's contract with Atlantic is invalid as to Shell because written consent was never received from Shell for that contract. Since there is no valid contract between Wyatt and Atlantic with regard to Shell, the proper factual scenario does not exist for Wyatt to rely on the "two contract" statutory employer defense in regards to the claims by Joseph and Daniels. Additionally, the plaintiffs argue that the contract between Wyatt and Atlantic does not contain the necessary language to create statutory employer immunity.

Motiva and Shell jointly filed a reply memorandum. First, the defendants argue that Shell should be dismissed from this action. Shell did not own, operate, or manage the refinery at issue. Motiva owned, operated, and managed the refinery. Tax records indicate that Shell does not own any part of the refinery involved in this incident. Second, the plaintiffs incorrectly have argued that Motiva is not a party to the principal contract with Wyatt. That contract names Shell Oil Company as the "Buyer." The contract identifies the work to be done as located at the Motiva refinery. Most importantly, the contract specifically states that it includes affiliates of Shell Oil

Company, and Motiva Enterprises LLC is named as an affiliate. Thus, Motiva is a party to the contract with Wyatt. Similarly, the plaintiffs' argument that Motiva is not named or involved in the contract between Wyatt and Atlantic is wrong because that contract specifically incorporates the contract between Motiva/Shell and Wyatt. The plaintiffs have not disputed that the work being completed at the time of the incident and pursuant to these contracts was integral to Motiva's business. Additionally, the plaintiffs have provided no evidence to substantiate their argument that the contract between Wyatt and Atlantic is not valid as to Shell and Motiva because Shell and Motiva did not provide written consent for that contract. Consent was provided because the contract between Wyatt and Atlantic incorporated the contract between Motiva/Shell and Wyatt. Atlantic was also on the Motiva refinery grounds performing the work at the time of the incident, so obviously there was consent to their contractual involvement. Also, the statutory employer defense would still apply even if there was no consent because contractual provisions cannot waive the defense. Last, Shell and Motiva argue that the talismatic statutory employer language is contained in the contract between Motiva/Shell and Wyatt and is incorporated by reference into the

contract between Wyatt and Atlantic, as a result reliance on the "two contract" theory is not necessary.

Defendant Wyatt also filed a reply memorandum. Wyatt argues that the only requirement for the application of the "two contract" defense is the existence of two contracts, one of which concerns all or part of the work to be performed in the other contract. As a result, even if there was no written consent for the contract between Wyatt and Atlantic, the "two contract" defense would still be viable. Additionally, there is no requirement under the "two contract" defense that a written contract recognize the principal's status as a statutory employer.

**B. Analysis**

The defendants have brought these motions seeking summary judgment on all of the plaintiffs' remaining claims. First, with regard to Wyatt's motion for summary judgment on the claims of plaintiffs James and Susan Kyle it is clear that these claims should be dismissed. The plaintiffs filed no opposition to Wyatt's motion. Plaintiff James Kyle was an employee of Wyatt at the time of his injuries. Thus, under Louisiana Revised Statute

§ 23:1031 et seq. the exclusive remedy for his claims and those of his wife is workers' compensation.

Next, Shell and Motiva have filed a motion for summary judgment arguing that all of the claims against them should be dismissed because they are the statutory employer of each of the plaintiffs. Under the Louisiana Workers' Compensation Act, an employee may not sue his employer or any principal in tort. La. R.S. § 23:1032(A). Louisiana law further provides:

> When any "principal" . . . undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the "contractor," for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032 and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him.

La. R.S. § 23:1061(A)(1). The contractor's work is considered part of the principal's trade if it is "an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services." Id.

A 1997 amendment to the statute provides that when a contract recognizes the existence of a statutory employer relationship, "there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees." Id. at (A)(3). The "presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services." Id.

The defendants' arguments relating to the remaining plaintiffs' claims involve two contracts. The first is a contract between Motiva/Shell and Wyatt. Ex. D, Rec. D. 99. The contract names Shell Oil Company as the Buyer and Wyatt as the Vendor. Id. The scope provision of the contract identifies that the contract is for Wyatt to provide general contractor services for the October 2006 coker unit turnaround at the Motiva refinery. Id. Certain affiliates and subsidiaries of Shell Oil Company are expressly permitted to use the terms and conditions

of the contract to place orders. Id. Paragraph 20.4 of the contract explicitly identifies Motiva as an affiliate that is included in the contract. Id. The plaintiffs have made no argument that Shell is not a part of the contract.[1] Paragraph 26 of the contract between Motiva/Shell and Wyatt provides a statutory employer provision for services performed in Louisiana:

> BUYER and VENDOR agree that while VENDOR and any of its employees, agents, or subcontractors are performing Services under this Agreement in Louisiana such work in whole or in part is a part of the trade, business or occupation of BUYER and is an integral part of and essential to the ability of BUYER to generate its goods, products, and services. BUYER or any of its subsidiaries or affiliates involved in the Services performed hereunder in Louisiana shall be considered a Statutory Employer within the meaning set forth in La. Rev. Stat. 23:1061 of those employees, agents, and subcontractors of VENDOR performing Services hereunder in Louisiana and such employees, agents, and

---

[1] Since the plaintiffs have made no argument that Shell is not a part of the contract with Wyatt and since the contract at issue includes Shell Oil Company's subsidiaries, it is not necessary to delve into the evidentiary question of whether Shell owned, operated, or managed the section of the Motiva refinery where this work was taking place.

subcontractors shall be considered Statutory Employees as the meaning is set forth in La. Rev. Stat. 23:1061.

This statutory employer provision encompasses both Wyatt, as the vendor, and Wyatt's subcontractors. Wyatt subcontracted with Atlantic pursuant to a contract between those entities. Additionally, the contract between Wyatt and Atlantic incorporates the terms of the contract between Motiva/Shell and Wyatt. The language used in the contract between Motiva/Shell and Wyatt includes the standard language necessary for Motiva and Shell to be deemed the statutory employer of all three plaintiffs under Louisiana Revised Statute § 23:1061(A)(3). This contractual provision creates a rebuttable presumption that Motiva and Shell are the statutory employer of all three plaintiffs. La. R.S. § 23:1061(A)(3). That presumption can only be overcome "by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services." Id. The contractual provision itself tracks this language and the parties have contractually agreed that the work on the coker unit was essential to Shell and Motiva's ability to generate their goods, products, and services. Also, this court has previously found that the type of work involved here, the turnaround or

maintenance related to a coker unit, is an integral part of a refinery's ability to generate its good, products, or services. See e.g. Armond v. Marathon Oil Corp., No. 06-2459, 2007 WL 934452, at *2 (E.D. La. Mar. 23, 2007) (Barbier, J.). The plaintiffs have offered no argument to overcome this presumption and cannot overcome the presumption created by the contractual provision discussed above. As a result, there are no issues of material fact regarding Motiva and Shell's entitlement to the statutory employer defense. The plaintiffs' exclusive remedy for these claims is workers' compensation and the claims asserted by all of the plaintiffs against Motiva and Shell should be dismissed.

The remaining claims are those of plaintiffs Joseph and Daniels against Wyatt. Joseph and Daniels were employees of Atlantic at the time of their injuries. Wyatt contracted with Motiva/Shell to provided turnaround services for the coker unit. In order to complete this work Wyatt required scaffolding and contracted with Atlantic to provide that scaffolding. Ex. E, Rec. D. 99. The contract between Wyatt and Atlantic incorporated the terms of the contract between Motiva/Shell and Wyatt. Based on these two contracts, Wyatt argues that it cannot

be liable in this case to plaintiffs Joseph and Daniels because of the "two contract" statutory employer defense.

Under Louisiana law, "pursuant to [La. R.S. § 23:1032 and La. R.S. § 23:1061], in order to raise the two contract defense, a defendant must establish only that: (1) it entered into a contract with a third party; (2) pursuant to that contract, work must be performed; and (3) in order for the defendant to fulfill its contractual obligation to perform the work, the defendant entered into a subcontract for all or part of the work performed." Allen v. State ex. rel. Ernest N. Morial-New Orleans Exhibition Hall Authority, 842 So. 2d 373, 383 (La. 2003). In this case, it is undisputed that Wyatt entered into a contract with a third party. This is the contract between Motiva/Shell and Wyatt. Pursuant to this contract, Wyatt was required to perform certain services in connection with the coker unit turnaround. In order to perform those services scaffolding was needed. Wyatt entered into a contract with Atlantic, the employer of Joseph and Daniels, to provide the necessary scaffolding. Under these circumstances, the requirements for application of the "two contract" statutory employer defense are met and Wyatt is entitled to rely on the defense. The plaintiffs have argued that the contract between Wyatt and Atlantic is not valid as to

15

Motiva and Shell because Motiva and Shell did not give written consent to the contract with Atlantic. This argument is of no moment in regards to Wyatt's "two contract" statutory employer defense. First, it is not relevant to the "two contract" analysis whether the contract between Wyatt and Atlantic was valid as to Motiva or Shell. The focus of the analysis is Wyatt as the party invoking the defense and no argument has been made that the contract between Wyatt and Atlantic is invalid as to Wyatt. Additionally, the contract between Motiva/Shell and Wyatt was incorporated into the contract between Wyatt and Atlantic, and Motiva permitted Atlantic to come on its property to perform work related to the coker unit turnaround. It can hardly be argued that Motiva or Shell did not consent to subcontracting with Atlantic. In this case, Wyatt made a contract with Motiva/Shell to provide certain services. Wyatt was then required to contract with Atlantic to perform certain of those services. The plaintiffs have raised no issues of material fact that can dispute this scenario. This is a plain example of the "two contract" statutory employer defense. As a result of the operation of the defense, the sole remedy available to plaintiffs Joseph and Daniels is workers' compensation, and their claims against Wyatt should be dismissed.

**CONCLUSION**

Summary Judgment is appropriate where there are no genuine issues of material fact. Fed. R. Civ. P. 569(c). The Plaintiffs in this case are unable to identify any issues which would warrant the continuation of this litigation. First, with regard to the claims of James and Susan Kyle against Wyatt, the plaintiffs have provided no opposition to Wyatt's position that James Kyle was its employee. As a result, his claims and his wife's claims are limited to workers' compensation. Second, with regards to the claims of all of the plaintiffs against Motiva and Shell, there is no material issue of fact regarding the defendants' entitlement to the statutory employer defense. The scope of the contract between Motiva/Shell and Wyatt includes both Motiva and the employees of Wyatt and the employees of Wyatt's subcontractors. The contract also includes a statutory employer provision that explicitly states that Motiva and Shell are statutory employers in this context. The plaintiffs have provided no argument and would be unable to argue that the work that was being performed was not essential to Motiva and Shell. Last, the claims of Joseph and Daniels against Wyatt should be

dismissed because Wyatt is entitled to assert the "two contract" statutory employer defense. Accordingly,

**IT IS ORDERED** that Defendant Wyatt Field Service Company's Renewed **Motion for Dismissal of Tort Claims** Pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for **Summary Judgment** Pursuant to Fed. R. Civ. P. 56 (Rec. Doc. 91) pertaining to case number 07-8635, Defendants Motiva Enterprises, LLC and Shell Chemical LP's **Motion for Summary Judgment** Pursuant to Federal Rule of Civ. Pro. 56 (Rec. Doc. 99) pertaining to all cases, and Defendant Wyatt Field Service Company's **Motion for Summary Judgment** Pursuant to Fed. R. Civ. P. 56 (Rec. Doc. 101) pertaining to cases 07-5489 and 07-8094 are **GRANTED.**

New Orleans, Louisiana, this 23rd day of June, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE